IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOEL P. GEMZA,

    Plaintiff,

    v.

ZUAN LIANG ZHAO, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:21-CV-5049-TWT

**OPINION AND ORDER**

This is a negligence action. It is before the Court on the Defendant Sunset Pacific Logistics, Inc.'s ("Sunset") Motion to Dismiss and/or Quash Service and Set Aside Default [Doc. 61]. For the reasons set forth below, Sunset's Motion to Dismiss and/or Quash Service and Set Aside Default [Doc. 61] is GRANTED in part and DENIED in part.

### I.    Background

This action arose from a car accident involving two commercial vehicles allegedly driven by Defendants Zhao and Israel during the course of their employment with Defendants UPS and Decker, respectively, resulting in Plaintiff's serious injury. (Am. Compl. ¶ 13). As relevant to the present motion, Defendant Sunset was allegedly a freight forwarder or broker that partnered with Defendant UPS. (*Id.* ¶ 36). In the amended complaint, the Plaintiff alleged that Sunset could be served through its registered agent, Joshua Craig. (*Id.* ¶ 11). A return of service filed by the Plaintiff indicates that a process

server attempted to serve Craig at Sunset's offices but that "Joshua Craig was in a meeting so [the process server] served accounting receivable Kylie Covington" instead. [Doc. 47].

Sunset now moves to dismiss or to quash this service attempt, arguing that the Court lacks personal jurisdiction over it because service was not perfected. (Brief in Supp. of Mot. to Dismiss at 1-2). Sunset argues that Covington was not a corporate officer or manager authorized to accept service on its behalf and that Covington is instead an hourly-paid accounts receivable associate.[1] (*Id.* at 6-7). Sunset asserts that this service failed to satisfy Rule 4(h) of the Federal Rules of Civil Procedure, O.C.G.A § 9-11-4(e), or Cal. Civ. P. Code § 416.10, as service was attempted in California. (*Id.* at 9-12). Curiously, Sunset notes that it would waive service if the Plaintiff mailed it the proper form. (*See id.* at 3). Finally, Sunset moves to set aside any alleged default. (*Id.* at 14-20).

In response, the Plaintiff explains that he emailed Melissa Greene, counsel of record for Defendants Zhao and UPS, and asked if Sunset would be willing to waive service. (Brief in Opp. to Mot. to Dismiss at 2-3). Green ultimately responded that she did not have authority to accept service on

---

[1] Sunset supports its motion with an affidavit from Joshua Craig averring that he is the CEO and registered agent for Sunset and that Kylie Covington was not authorized to receive service on Sunset's behalf, nor did her position involve managerial or supervisory duties. (Mot. to Dismiss, Ex. 2 ¶¶ 9-12).

2

behalf of Sunset and provided email addresses for Sunset's adjusters. (*Id.*). The Plaintiff does not assert that he thereafter sought to obtain Sunset's waiver of service.[2] (*See id.*). Additionally, the parties do not dispute that Sunset is not registered to do business in Georgia and is thus a foreign corporation.

## II.   Legal Standards

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). "[T]he standards of proof governing motions to dismiss for lack of personal jurisdiction" also apply to motions to dismiss for insufficient service of process. *Kammona v. Onteco Corp.*, 587 F. App'x 575, 578 (11th Cir. 2014) (quotation marks and citation omitted). Thus, "[t]he district court must construe the allegations in the complaint as true, to the extent they are uncontroverted by defendant's affidavits or deposition testimony." *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988). Where the defendant contests the allegations of the complaint through affidavits, "the burden shifts back to the plaintiff to produce evidence supporting personal jurisdiction, unless the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006).

---

[2] Nor does the record indicate that the Plaintiff has attempted to send a waiver of service form to Sunset's actual counsel, Jason D. Lewis.

Corporations may be served by following state law for service in either the state where the district court is located or where service is made. Fed. R. Civ. P. 4(h)(1)(A). They may also be served by delivering a copy of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed R. Civ. P. 4(h)(1)(B). Similarly, Georgia permits service on a foreign corporation to be made on "the president or other officer of such . . . foreign corporation, a managing agent thereof, or a registered agent thereof." O.C.G.A. § 9-11-4(e)(1); *see also* O.C.G.A. § 9-10-94 (permitting service outside of the state in the same manner as service made within the state). And California permits service to be made on "the person designated as agent for service of process" or on "the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary . . . a general manager, or a person authorized by the corporation to receive service of process." Cal. Code of Civ. P. § 416.10.

The Georgia Court of Appeals has clarified that "if the employee is not an officer or has not been expressly designated by the corporation to receive service, it is necessary that he or she occupy some position of managerial or supervisory responsibility within the organization." *Whatley's Interiors, Inc. v. Anderson*, 176 Ga. App. 406, 407 (1985); *Aikens v. Brent Scarbrough & Co., Inc.*, 287 Ga. App. 296, 299 (2007) (finding receptionist lacked authority to accept process where evidence showed receptionist lacked managerial

4

responsibilities and had never been given permission to accept service of process). On the other hand, California allows substitute service to be effected:

> by leaving a copy of the summons and complaint during usual office hours in [the office of a person listed in section 416.10] with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served.

*Johnson v. Mediterranean Grill House, Inc.*, 2022 WL 3925283 at *2 (N.D. Cal. Aug. 30, 2022) (citing Cal. Civ. P. Code § 415.20(a)) (quotation marks omitted).

### III.  Discussion

Having considered the process server's return of service and affidavit, as well as the affidavits of Joshua Craig and Kylie Covington, and the parties' arguments, the Court concludes that Sunset was not properly served under any applicable law. The affidavits make clear that Covington was not authorized to accept service on Sunset's behalf and her role as an accounts receivable associate was not managerial or supervisory in nature. (*See* Mot. to Dismiss, Ex. 2 ¶¶ 9-12; *Id.*, Ex. 3 ¶¶ 2-3, 6); Fed. R. Civ. P. 4(h)(1)(B) (permitting service on a managing or general agent, or on an agent appointed to receive process); O.C.G.A. § 9-11-4(e)(1) (permitting service on a managing or registered agent). The process server's affidavit avers that Covington "represented herself to be in charge of the office," but does not state that Covington represented herself as having authority to accept service on Sunset's behalf. (*See* Brief in Opp. to Mot. to Dismiss, Ex. 3 ¶¶ 10-12). And regardless, the Plaintiff has not argued or presented any evidence that he sent Craig a

5

copy of the summons and complaint by first-class mail with postage prepaid after the original service documents were left with Covington. *See Johnson*, 2022 WL 3925283 at *2. Accordingly, Sunset has not been properly served under either the Federal Rules of Civil Procedure, Georgia law, or California law, and the Court therefore lacks personal jurisdiction over Sunset at this time. *See Omni Capital Intern., Ltd.*, 484 U.S. at 104. Finally, Sunset's request to set aside default is premature. As of now, the Plaintiff has not moved for default, and no default has been entered by the Clerk. *See* Fed. R. Civ. P. 55. Nor could a default judgment properly issue where the Court lacks personal jurisdiction over Sunset. Therefore, the portion of Sunset's Motion asking the Court to set aside default will be denied.

## IV.   Conclusion

For the reasons set forth above, Sunset's Motion to Motion to Dismiss and/or Quash Service and Set Aside Default [Doc. 61] is GRANTED only as to the request to quash service. It is DENIED as to all other relief requested. The Plaintiff shall have 30 days from the date of this Order to either properly serve Sunset and to file proof of the same with the Court or to obtain a valid waiver. Should the Plaintiff fail to do so, his claims against Sunset will be dismissed without prejudice at that time. *See Lopez v. Walmart Inc.*, 2020 WL 1909748 at *2 (M.D. Ga. Apr. 17, 2020).

SO ORDERED, this ___28th___ day of September, 2022.

/s/ Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

7