IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOEL P. GEMZA,

    Plaintiff,

        v.

ZUAN LIANG ZHAO, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:21-CV-5049-TWT

**OPINION AND ORDER**

This is a motor vehicle accident case. It is before the Court on Plaintiff Joel P. Gemza's Motion to Exclude [Doc. 160], Defendants Decker Truck Line, Inc. ("Decker") and Iosep L. Israel's[1] Motion for Summary Judgment [Doc. 161], the Plaintiff's Motion for a Hearing [Doc. 171], and the Plaintiff's Motion for Sanctions [Doc. 172]. For the reasons set forth below, the Plaintiff's Motion to Exclude [Doc. 160] is DENIED as moot, the Moving Defendants' Motion for Summary Judgment [Doc. 161] is GRANTED, the Plaintiff's Motion for a Hearing is DENIED [Doc. 171], and the Plaintiff's Motion for Sanctions [Doc. 172] is DENIED.

## I.    Background[2]

---

[1] Throughout this Opinion and Order, the Court will refer to Decker and Israel collectively as the "Moving Defendants."

[2] The operative facts on the Motion for Summary Judgment are taken from the parties' Statements of Undisputed Material Facts and the responses thereto. The Court will deem the parties' factual assertions, where supported by evidentiary citations, admitted unless the respondent makes a proper

This case arises out of injuries allegedly caused by a motor vehicle collision. The Plaintiff, Israel, and Defendant Zuan Liang Zhao were driving tractor-trailers in the right-most lane on I-285 S when the collision occurred. (Pl.'s Statement of Undisputed Material Facts ¶ 1). Of the three, the Plaintiff was driving in the front with Israel behind him and Zhao behind Israel. (Police Report, Doc. 161-2). Dash cam footage from Israel's tractor-trailer shows the Plaintiff braking. (Dash Cam Video, [Doc. 162], 0:04-0:10). Israel braked in response and stopped before reaching the Plaintiff's tractor-trailer. (*Id.* 0:08-0:12). After coming to a stop, Israel's tractor-trailer was hit from behind and lurched into Plaintiff's tractor-trailer. (*Id.* 0:11-0:14). There is no dispute that Zhao was the one that hit Israel from behind and pushed him into the Plaintiff's vehicle. (Pl.'s Resp. to Def.'s Statement of Undisputed Material Facts, ¶ 8). The Moving Defendants now seek summary judgment, for which the Plaintiff requests a hearing. The Plaintiff also seeks to exclude an expert proposed by the Moving Defendants on the grounds that he was untimely disclosed. Finally, the Plaintiff moves for the imposition of sanctions because Decker only saved twenty seconds of the dash cam video that depicts the collision.

---

objection under Local Rule 56.1(B).

## II.    Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c). The court should view the evidence and draw any inferences in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

## III.    Discussion

The Court will start by considering whether any sanctions are appropriate against Defendant Decker. Finding that no sanctions should be imposed, the Court then addresses whether summary judgment is appropriate. Because the Court concludes that summary judgment should be granted to the Moving Defendants, the Court does not analyze the Plaintiff's Motion to Exclude.

### A. Sanctions

The Court starts by considering whether sanctions are warranted. The Plaintiff argues that the Court should impose sanctions because Decker only

retained twenty seconds of dash cam footage and did not preserve the minutes leading up to or immediately after the collision. Because this involves the failure to preserve electronically stored information, Rule 37(e) applies to this Motion. The Plaintiff spends his brief going through the *Flury v. Daimler Chrysler Corp.,* 427 F.3d 939, 944 (11th Cir. 2005) factors to argue that sanctions are appropriate. However, the Eleventh Circuit has rejected "the applicability of the so-called '*Flury* factors' to a Rule 37(e) analysis." *Skanska USA Civil Se. Inc. v. Bagelheads, Inc.*, 75 F.4th 1290, 1312 n. 18 (11th Cir. 2023). In that same case, the Eleventh Circuit described the appropriate analysis under Rule 37(e):

> Rule 37(e) creates a two-tiered sanctions regime—with lesser sanctions under Rule 37(e)(1) and more severe sanctions under Rule 37(e)(2). Both parts of the rule share two preconditions: (1) "electronically stored information that should have been preserved in the anticipation or conduct of litigation" was "lost because a party failed to take reasonable steps to preserve it" and (2) that information "cannot be restored or replaced through additional discovery." The requirements diverge after that. Rule 37(e)(1) sanctions are centered on the *effect* of a violation; they apply only where lost electronic evidence causes "prejudice to another party," which then justifies sanctions "no greater than necessary to cure the prejudice." Rule 37(e)(2) sanctions, on the other hand, look more to the *cause* of the violation. They require a finding that "the party acted with the intent to deprive another party of the information's use in the litigation."

*Id.* at 1311. The burden lies with the party seeking sanctions to establish spoliation. *See In re Delta/AirTran Baggage Fee Antitrust Litig.*, 770 F. Supp. 2d 1299, 1308 (N.D. Ga. 2011) (citing *Eli Lilly & Co. v. Air Express Int'l USA,*

*Inc.*, 615 F.3d 1305, 1318 (11th Cir.2010)).[3]

Decker argues that it never had an obligation to preserve the video until after it was already deleted. A defendant's duty to preserve evidence "arises when [the defendant] knows or reasonably should know that the injured party, the plaintiff, is in fact contemplating litigation, which the cases often refer to in terms of 'notice' to the defendant." *Wiedeman v. Canal Ins. Co.*, 2017 WL 2501753, at *3 (N.D. Ga. June 9, 2017) (quoting *Phillips v. Harmon*, 297 Ga. 386, 396 (2015)). The Plaintiff asserts three bases for concluding that Decker had notice of potential litigation. None of them are persuasive.

First, the Plaintiff asserts that Decker had a duty to preserve because Decker said it anticipated making a claim against Zhao's insurance company. (Pl.'s Br. in Supp. of Mot. for Sanctions, at 15-16). Decker disputes whether there is any evidence that it ever anticipated making a claim against Zhao, (Def.'s Br. in Opp'n to Mot. for Sanctions, at 11-12), but the Court need not get into that. As Decker notes, this argument depends on an unstated premise that the Plaintiff can wield the duty that Decker owes to Zhao's insurance company as its own. Several courts within this Circuit have rejected such a "shifting duty" theory of spoliation. *See, e.g.*, *In re Delta*, 770 F. Supp. 2d at 1307-08; *Stanfill v. Talton*, 851 F. Supp. 2d 1346, 1364-66 (M.D. Ga. 2012); *Point Blank*

---

[3] While these cases were decided based on the *Flury* factors, the Court sees nothing in the *Skanska* opinion or the text of Rule 37(e) that evinces an intent to overrule these decisions and place the burden on the party opposing sanctions.

*Sols., Inc. v. Toyobo Am., Inc.*, 2011 WL 1456029, at \*24-26 (S.D. Fla. Apr. 5, 2011). The Plaintiff does not point to any contrary authority or any flaw in the reasoning of these cases. Seeing none itself, the Court follows suit.

Second, the Plaintiff contends Decker had a duty by virtue of its internal policies. The Plaintiff does not provide any authority that supports its notion that an internal policy can establish the governing duty to preserve. Meanwhile, Decker has provided several cases suggesting the opposite is true, albeit in somewhat different circumstances. *See Youngblood v. All Am. Quality Foods, Inc.*, 338 Ga. App. 817, 821 (2016); *Grand Union Co. v. Miller*, 232 Ga. App. 857, 862-63 (1998), *rev'd on other grounds,* 270 Ga. 537 (1999). Despite the different circumstances, Decker's cases are in line with the *In re Delta* court's statement that, "if [the defendant] owed any document preservation duty to Plaintiffs, it arose only when [the defendant] could have reasonably foreseen civil litigation." *In re Delta*, 770 F. Supp. 2d at 1307 (quotation marks omitted). It is the reasonable foreseeability of litigation that creates the duty, not any policy. Of course, the fact that Decker had a general video retention policy has little (if any) bearing on whether it had notice that the Plaintiff was contemplating litigation against Decker. Thus, the Plaintiff does not meet his burden by pointing to Decker's internal policies.

Finally, the Plaintiff asserts that Decker had notice as demonstrated by the fact that Decker "initiated an accident review, took Israel's statement, received photographs, and preserved minimal video of the collision" and that

"Decker is no stranger to lawsuits arising out of commercial vehicle collisions across the continental United States." (Pl.'s Br. in Supp. of Mot. for Sanctions, at 16). While the Court may consider "what the defendant did or did not do in response to the injury, including the initiation and extent of any internal investigation, the reasons for any notification of counsel and insurers, and any expression by the defendant that it was acting in anticipation of litigation," it is also true that "the mere fact that someone is injured, without more, is not notice that the injured party is contemplating litigation sufficient to automatically trigger the rules of spoliation." *Wiedeman*, 2017 WL 2501753, at *3 (quoting *Phillips*, 297 Ga. at 604). More importantly here, "[t]he defendant's duty also does not arise *merely* because the defendant investigated the incident." *Id.* (quoting *Phillips*, 297 Ga. at 605 n.9). Here, the police report indicated that Israel was the only driver at fault and the only one who received a citation. (Police Report, Doc. 161-2, at 1-2). Moreover, there was no injury identified in the police report by anyone. (*Id.* at 3). The Plaintiff points to nothing—other than the mere fact of an investigation—that would give rise to constructive notice that the Plaintiff was contemplating a claim against Decker before Decker deleted any videos. As stated above, that is insufficient.

The Plaintiff therefore has failed to point to anything showing that Decker had notice and a duty to preserve. Concomitantly, the Plaintiff has not met his burden of showing that sanctions are proper in this case, and the Plaintiff's Motion for Sanctions will be denied accordingly.

### B. Summary Judgment

Being that the Court finds that sanctions are not warranted, the Court addresses whether summary judgment should be granted. The Moving Defendants argue that summary judgment is appropriate because there is no evidence that Israel negligently caused the accident. The Court agrees.

The Plaintiff contends that Israel was negligent because he was using the phone right before the accident, as evidenced by a screenshot of a video recording the driver. (Pl.'s Br. in Opp'n to Mot. for Summ. J., at 5-6, 16-17). The Moving Defendants dispute this characterization of the video and point to deposition testimony from Decker's 30(b)(6) representative, who disagreed with the Plaintiff's description. (Moving Defs.' Reply Br. in Supp. of Mot. for Summ. J., at 4-5). The Court need not delve into this dispute of what the video shows because, even if Israel was looking at his phone, the Plaintiff has failed to point to competent evidence indicating that Israel looking at his phone caused the accident in any way. As noted above, the dash cam video shows that Israel came to a complete stop before his tractor-trailer was hit from behind. (Dash Cam Video, Doc. 162, 0:10-0:14). Therefore, regardless of whether Israel was looking at his phone or not, he was still able to stop his vehicle in time to avoid an accident, until Zhao hit him from behind. There is no genuine dispute of material fact that it was the push from behind—and not the phone—that

caused Israel to collide with the Plaintiff.[4]

The Plaintiff further argues for automatic denial of summary judgment based on Israel's statement that he "will accept a part of a responsibility." (Pl.'s Br. in Opp'n to Mot. for Summ. J., at 14-16). This argument is unavailing. For starters, it is apparent to the Court that Israel did not admit that he was negligent in his deposition. He said he accepted responsibility "because it was an accident and I was in the middle." (Israel Dep., Doc. 163-3, at 152:4-6). There is no dispute as to either of those facts. Israel went on to say in the same answer, "I think I was doing what I was supposed to do." (*Id.*, at 152:12). Any assertion that Israel admitted that he was negligent is simply not supported by the evidence. Moreover, even if Israel had admitted that he was negligent, that is a legal conclusion that the Court cannot accept by party admission. *See Hayes v. Wilh Wilhelmsen Enters., Ltd.*, 818 F.2d 1557, 1560 (11th Cir. 1987) ("Testimony of the Hayes's two witnesses amount to no more than legal conclusions, and thus raise no question of material fact which would necessitate a denial of summary judgment."); *Grimes v. Freshpoint Atlanta, Inc.*, 2021 WL 2548705, at *4 (N.D. Ga. Apr. 29, 2021) ("Thus, while factual

---

[4] In the recitation of facts of his Response, the Plaintiff states that Israel was following the Plaintiff too closely but does not bring this up in his legal arguments. (Pl.'s Br. in Opp'n to Mot. for Summ. J., at 6, 14-17). To the extent that the Plaintiff argues that Israel negligently caused the accident by virtue of following too closely, however, the response is the same as it is to the Plaintiff's phone argument. Namely, the fact that Israel was able to stop the tractor-trailer before hitting the Plaintiff shows that the following distance is not what caused the accident.

9

admissions in pleadings that are not withdrawn are treated as admissions in judicio, legal conclusions are not. Plaintiff's allegations that CSX had certain duties or was negligent are thus not admissions in judicio."). Therefore, the Court concludes that the Moving Defendants have met their burden of showing that there is no genuine issue of material fact as to causation.

However, the Plaintiff believes that the Court should not grant summary judgment yet and should order a hearing because "this Honorable Court would benefit greatly from the presentation of the telematics data and video evidence which can only be viewed through proprietary software and the standalone event player from SmartDrive, Defendant Decker Truck Line, Inc.'s vendor." (Pl.'s Br. in Supp. of Mot. for Hearing, at 1). The Plaintiff never describes the contents of this telematics data or video evidence or how they would affect the Court's analysis.[5] The Court will not engage in speculation as to the content or importance of this information and will not order a hearing under Local Rule 7.1(E) based on such a vague description of the information

---

[5] The Court points out that the Moving Defendants were capable of providing the dashcam video of the collision with the "SmartDrive" logo in the top left corner. Whatever is depicted in the video evidence and telematics data that the Plaintiff is referring to, the Plaintiff provides no explanation for why he cannot provide that evidence when the Moving Defendants were able to provide video evidence from SmartDrive without the Court having the "proprietary software and the standalone event player from SmartDrive." Furthermore, to the extent the video evidence and telematics data are where the screenshots come from that purport to show that Israel was looking at his phone and driving too close, they would not affect the outcome of the decision because there would still be no evidence of causation.

that the Plaintiff has provided to the Court. Nor does the mention of this information sufficiently rebut the Moving Defendants' showing of a lack of genuine issue of material fact to warrant denial of summary judgment on the claims of negligence. Since none of the substantive claims against the Moving Defendants survive, the Plaintiff's derivative claims for punitive damages and attorney's fees also fall. *See Bolton v. Golden Bus., Inc.*, 348 Ga. App. 761, 764 (2019) ("[B]ecause the trial court correctly granted summary judgment to Golden on Bolton's underlying claims against Golden, the grant of summary judgment on her punitive damages and attorney fees claims was also proper." (quotation marks and citation omitted)). Accordingly, the Court will grant the Moving Defendants' Motion for Summary Judgment in full and deny the Plaintiff's Motion for a Hearing. Given that the Court finds that summary judgment in favor of the Moving Defendants is warranted, the Court need not decide whether their expert ought to be excluded.[6] The Plaintiff's Motion to Exclude will therefore be denied as moot.

## IV.    Conclusion

For the foregoing reasons, the Plaintiff's Motion to Exclude [Doc. 160] is DENIED as moot, the Moving Defendants' Motion for Summary Judgment

---

[6] The Court notes that it has not relied on anything that the proposed expert has said in determining whether summary judgment is appropriate, nor could it have. The proposed expert has not been deposed, and neither party has made arguments about the contents of the proposed expert's expected testimony.

[Doc. 161] is GRANTED, the Plaintiff's Motion for a Hearing is DENIED [Doc. 171], and the Plaintiff's Motion for Sanctions [Doc. 172] is DENIED.

SO ORDERED, this ___10th___ day of December, 2024.

THOMAS W. THRASH, JR.
United States District Judge