IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOEL P. GEMZA,

    Plaintiff,

      v.

ZUAN LIANG ZHAO, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:21-CV-5049-TWT

# OPINION AND ORDER

This is a motor vehicle accident case. It is before the Court on Defendants Iosep Israel and Decker Truck Line, Inc.'s[1] Motion for Attorney's Fees [Doc. 191]. As explained below, the Moving Defendants' Motion for Attorney's Fees [Doc. 191] is GRANTED.

## I.   Background

This case arises out of a motor vehicle accident that occurred on December 9, 2019. Plaintiff Joel Gemza filed suit on December 9, 2021. (Compl., Doc. 1). The Court granted summary judgment to the Moving Defendants on December 10, 2024. (Op. & Order, Doc. 186). Then, on February 13, 2025, the Court granted a motion to dismiss as to all the other parties, and the clerk entered judgment the same day. (Order, Doc. 189; Clerk's J., Doc.

---

[1] The Court will refer to these two Defendants collectively as "Moving Defendants."

T:\ORDERS\21\Gemza\attyfeestwt.docx

190). Now, the Moving Defendants are requesting attorney's fees pursuant to O.C.G.A. § 9-11-68.

## II.     Legal Standard

Under Georgia law, a party may make a written offer to settle tort claims, subject to certain requirements.

> If a defendant makes an offer of settlement which is rejected by the plaintiff, the defendant shall be entitled to recover reasonable attorney's fees and expenses of litigation incurred by the defendant or on the defendant's behalf from the date of the rejection of the offer of settlement through the entry of judgment if the final judgment is one of no liability or the final judgment obtained by the plaintiff is less than 75 percent of such offer of settlement.

O.C.G.A. § 9-11-68(b)(1). However, a court may disallow an award of attorney's fees and costs if the court determines that the offer was not made in good faith. O.C.G.A. § 9-11-68(d)(2).

## III.     Discussion

The Moving Defendants assert that they served a statutorily compliant settlement offer in the amount of $200,000 to the Plaintiff on April 17, 2024. (Defs.' Br. in Supp. of Mot. for Att'y's Fees, at 2). Since the Plaintiff rejected that offer and since the Moving Defendants were found to have no liability, the Moving Defendants contend that they are entitled to attorney's fees and litigation expenses that were incurred after April 17, 2024, amounting to $29,413.80. (*Id.* at 2-3). The Plaintiff argues for denial of the Moving Defendants' Motion because the settlement offer was not made in good faith

and because the Motion lacks evidentiary support for the amount of the fees incurred. (Pl.'s Br. in Opp'n to Mot. for Att'y's Fees, at 4-8). The Court concludes that the Moving Defendants are entitled to attorney's fees and litigation expenses.

### A. Good Faith

"Whether a settlement offer was made in good faith under rests on whether the offeror has a reasonable foundation on which to base the offer and that so long as the offeror has a basis in known or reasonably believed fact to conclude that the offer is justifiable, the good faith requirement has been satisfied." *Helton v. Steak N Shake, Inc.*, 2022 WL 17417194, at * 2 (N.D. Ga. June 27, 2022) (quotation marks and citations omitted). The determination of whether a settlement offer was made in good faith is a factual one, "based on the trial court's assessment of the case, the parties, the lawyers, and all of the other factors that go into such a determination, which the trial court has gathered during the progress of the case." *Bellomo v. Tech Mahindra (Ams.), Inc.*, 374 Ga. App. 199, 204 (2025) (citation omitted). "The burden is on the offeree to show that the offer of settlement was not made in good faith." *Id.* at 201.

The Plaintiff argues that the Moving Defendants' $200,000 settlement offer was not in good faith because it represents only 5.5% of the $3,624,161.47 of damages disclosed by the Plaintiff. (Pl.'s Br. in Opp'n to Mot. for Att'y's Fees, at 4-6). However, "Georgia courts have found offers far below the claimed

3

damages to be in good faith." *Carter v. Hillstone Rest. Grp., Inc.*, 2021 WL 9699808, at *2 (N.D. Ga. June 7, 2021) (compiling cases). The only case on which the Plaintiff relies is *Great West Cas. Co. v. Bloomfield*, 313 Ga. App. 180 (2011). (Pl.'s Br. in Opp'n to Mot. for Att'y's Fees, at 5-6). In *Bloomfield*, the court affirmed a finding that a $25,000 offer was not in good faith in large part because the defendant subsequently offered a $1 million settlement. 313 Ga. App. at 183. Here, there is no record that the Moving Defendants made any subsequent settlement offer, let alone one that indicates that the first one was unreasonable. In fact, it was the Plaintiff who made a later settlement offer. After the Court granted summary judgment to the Moving Defendants, the Plaintiff's offered to settle the case for $200,000, the exact amount the Moving Defendants previously offered. (Reply Br. in Supp. of Mot. for Att'y's Fees, Ex. 1, Doc. 197-1). If anything, this shows the reasonableness of the Defendant's settlement offer. *See Bloomfield*, 313 Ga. App. at 182 (finding that the trial court properly considered the subsequent settlement offer to determine the reasonableness of the initial offer).

Moreover, the Moving Defendants offer compelling explanations for the amount of their settlement offer. First, they point to the fact that Defendant Israel stated in his deposition that he accepted "5 percent" of the responsibility for being in the middle of the accident. (Reply Br. in Supp. of Mot. for Att'y's Fees, at 5 (quotation omitted)). If the jury would have accepted that and apportioned five percent of the fault to the Moving Defendants, then it would

4

actually be less than the 5.5% of the requested damages they offered. The Moving Defendants also point to various weaknesses in the evidence supporting the damages as justifying a substantially lower settlement offer. (*Id.* at 5-6). The Court agrees that there is good reason to doubt the amount of damages claimed by the Plaintiff in this case. Consequently, the Court finds that the Moving Defendants had a reasonable basis for their settlement offer and that the Plaintiff has failed to meet his burden on the issue of good faith. A plaintiff cannot avoid paying attorney's fees under O.C.G.A. § 9-11-68 by grossly overestimating the value of his case.

### B. Evidentiary Support

The Plaintiff also argues that denying the Motion is proper because the Moving Defendants did not provide evidentiary support for the amount of attorney's fees owed along with the Motion. (Pl.'s Br. in Opp'n to Mot. for Att'y's Fees, at 6-8). They point to Georgia case law that states, "the party seeking fees must also introduce evidence of hours, rates, or some other indication of the value of the professional services actually rendered." *Ga. Dep't of Corr. v. Couch*, 295 Ga. 469, 483 (2014) (quotation omitted).

The Moving Defendants have submitted their billing records concurrently with their Reply. (Billing Invoices, Doc. 198-1). It has been more than three weeks since they did so, and the Plaintiff has not objected to anything in those records. Moreover, the Moving Defendants also attached a declaration with their original Motion indicating their hourly rate. (Stone

5

Decl., Doc. 191-3). The Plaintiff did not object that those hourly rates were unreasonable. Upon its own review of the records, nothing appears to be unreasonable. The Court will grant the Moving Defendants' Motion accordingly. *See Carter*, 2021 WL 9699808, at *2 (finding that even though the defendant "did not submit its affidavit and billing records with its motion, it did so with its reply" and holding that "[m]ore than fourteen days have passed since Hillstone submitted its affidavit and records, and Carter has not objected. The Court has reviewed the affidavit and billing records and finds both the hourly rates and the number of hours billed to be reasonable.").

### C. Ordering of Payment

The Plaintiff has appealed the Court's grant of summary judgment in favor of the Moving Defendants. (Notice of Appeal, Doc. 192). Under Georgia law, the Court may not order the Plaintiff to pay attorney's fees unless and until the appellate court affirms the judgment. O.C.G.A. § 9-11-68(d)(1).[2] The Court will accordingly order payment of the requested attorney's fees within thirty days of the issuance of the mandate if the Eleventh Circuit affirms the grant of summary judgment to the Moving Defendants.

---

[2] The Court notes that this provision applies only to ordering payment. It "does not bar the parties from filing attorneys' fees motions or preclude the court from ruling on them while the appeal from the final judgment is still pending." *Toland v. Phoenix Ins. Co.*, 855 F. App'x 486, 490 (11th Cir. 2021) (per curiam).

## IV.  Conclusion

For the foregoing reasons, the Defendants Israel and Decker's Motion for Attorney's Fees [Doc. 191] is GRANTED. The Court orders the Plaintiff to pay $29,413.80 in attorney's fees to Defendants Israel and Decker, if the grant of summary judgment to Defendants Israel and Decker is affirmed by the Eleventh Circuit, within thirty (30) days of the issuance of the mandate.

SO ORDERED, this __25th__ day of April, 2025.

_____
THOMAS W. THRASH, JR.
United States District Judge